**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| **SETH JAMES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EXPERIAN INFORMATION SOLUTIONS INC,**<br><br>**Defendant.** | **Case No. 4:24-cv-00823-BRW** |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Seth James' ("Plaintiff") Complaint (the "Complaint") as follows:

## PRELIMINARY STATEMENT

1. Experian admits that Plaintiff brings this action alleging violation of 15 U.S.C. § 1681 *et seq*. ("FCRA"). Experian denies that it violated FCRA or any other law and denies any remaining allegations contained in paragraph 1 of the Complaint. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. Experian admits that Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Experian states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

3. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 3 of the Complaint, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4. Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. §1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 4 of the Complaint.

5. Experian admits that it is qualified to do business and conducts business in the State of Arkansas. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6. Experian denies, generally and specifically, each and every allegation contained within paragraph 6 of the Complaint.

7. Experian denies, generally and specifically, each and every allegation contained within Paragraph 7 of the Complaint.

8. Experian denies, generally and specifically, each and every allegation contained within Paragraph 8 of the Complaint.

9. Experian denies, generally and specifically, each and every allegation contained within Paragraph 9 of the Complaint.

10. Experian denies, generally and specifically, each and every allegation contained within Paragraph 10 of the Complaint.

11. Experian denies, generally and specifically, each and every allegation contained within Paragraph 11 of the Complaint.

12. Experian denies, generally and specifically, each and every allegation contained within Paragraph 12 of the Complaint.

13. Experian denies, generally and specifically, each and every allegation contained within Paragraph 13 of the Complaint.

14. Experian denies, generally and specifically, each and every allegation contained within Paragraph 14 of the Complaint.

15. Experian denies, generally and specifically, each and every allegation contained within Paragraph 15 of the Complaint.

16. Experian denies, generally and specifically, each and every allegation contained within Paragraph 16 of the Complaint.

17. Experian denies, generally and specifically, each and every allegation contained within Paragraph 17 of the Complaint.

18. Experian denies, generally and specifically, each and every allegation contained within Paragraph 18 of the Complaint.

19. Experian denies, generally and specifically, each and every allegation contained within Paragraph 19 of the Complaint.

20. Experian denies, generally and specifically, each and every allegation contained within Paragraph 20.

21. Experian denies, generally and specifically, each and every allegation contained within Paragraph 21 of the Complaint.

22. Experian denies, generally and specifically, each and every allegation contained within Paragraph 22.

**COUNT ONE – VIOLATIONS OF THE FCRA**

23. Experian incorporates its responses to the preceding paragraphs as if fully set forth herein.

24. Experian admits that it is a “person” as defined by 15 U.S.C. §1681a(b) and a “consumer reporting agency” as defined by 15 U.S.C. §1681a(f). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 24 of the Complaint.

25. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained within Paragraph 25 of the Complaint.

26. Experian denies, generally and specifically, each and every allegation contained within Paragraph 26 of the Complaint on the grounds that it does not understand the allegations as pled.

27. Experian denies, generally and specifically, each and every allegation contained within Paragraph 27 of the Complaint.

28. Experian denies, generally and specifically, each and every allegation contained within Paragraph 28 of the Complaint.

29. Experian denies, generally and specifically, each and every allegation contained within Paragraph 29 of the Complaint.

## JURY DEMAND

30. Experian admits that Paragraph 30 of Plaintiff's Complaint has demanded trial by jury on all issues triable.

## PRAYER FOR RELIEF

31. Experian denies that Plaintiff is entitled to any of the relief requested within Paragraph 31 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE
**(Failure To State A Claim)**

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
**(Truth/Accuracy Of Information)**

Plaintiff's claims fail to the extent that they are barred because the information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE
**(Compliance/Good Faith)**

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure To Mitigate Damages)**

Plaintiff's claims fail to the extent that they are barred, in whole or in part, because Plaintiff has failed to mitigate his/her damages.

**FIFTH AFFIRMATIVE DEFENSE**
**(Intervening Superseding Cause)**

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

**SIXTH AFFIRMATIVE DEFENSE**
**(Proximate Cause)**

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Punitive Damages)**

Plaintiff cannot recover against Experian to the extent that his Complaint fails to state a claim for relief for punitive damages. Additionally, Plaintiff cannot recover punitive damages against Experian to the extent that such an award would violate Experian's constitutional rights under the Constitution of the United States of America and the Constitution of Virginia.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Right to Assert Additional Defenses)**

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Experian requests that this Court:

(1) dismiss the Complaint in its entirety and with prejudice as to Experian, with all costs taxed against Plaintiff;

(2) dismiss Experian as a party to this action; and

(3) grant any such additional relief as this Court deems just and proper.

Date: October 22, 2024

Respectfully submitted,

April C. Cotton (AR Bar No. 2022115)
GORDON, REES, SCULLY &
MANSUKHANI, LLP
425 West Capitol Avenue, Suite 3275
Little Rock, AR 72201
Telephone: (972)415-8626
Facsimile: (816)-817-9315
acotton@grsm.com
*Counsel for Defendant Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of October, 2024, a true and correct copy of the foregoing *Answer to Plaintiff's Complaint* was sent via U.S. mail to the following:

Seth James
6834 Cantrell Road, #2350
Little Rock, AR 72207



April C. Cotton
*Counsel for Defendant Experian Information Solutions, Inc.*