# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Arkansas

| | | |
|---|---|---|
| Seth James<br>*Plaintiff*<br>v.<br>EXPERIAN INFORMATION SOLUTIONS INC.<br>*Defendant* | ) | Civil Action No. 4:24-cv-00823-BRW |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: JPMorgan Chase Bank, N.A.
C/O CT Corporation System
320 S. Izard Street
Little Rock, AR 72201

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Gordon Rees Scully Mansukhani, LLP 425 West Captiol Ave. Suite 3515, Little Rock, AR 72201; acotton@grsm.com | Date and Time: 09/8/2026 9:00AM |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

OR

_______________________ *Signature of Clerk or Deputy Clerk*

_______________________ *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Experian Information Solutions, Inc. , who issues or requests this subpoena, are:
April Caradine, 425 West Captiol Ave. Suite 3515, Little Rock, AR 72201; acotton@grsm.com; 972-415-8626

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:24-cv-00823-BRW

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________________________________________

__________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________

______________________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________ ________________________________________

*Server's signature*

________________________________________

*Printed name and title*

________________________________________

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

SETH JAMES,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

Case No. 4:24-cv-00823-BRW

**SCHEDULE A**

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, Defendant Experian Information Solutions, Inc. ("Experian") by and through its counsel, requests that you produce or make available for inspection all documents and things that are responsive to these requests ("Requests") that are in your possession, custody, or control.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to Experian's requests for production:

1. "Document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips;

accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters, however produced or reproduced.

2. "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3. The word "Person" means any natural or artificial person, including business entities and other legal entities.

4. "Chase Account" refers to the JPMorgan Chase credit card account ending in 7149 that is the subject of the Complaint, including any predecessor, successor, or related account.

5. "You" or "JPMCB" refers to JPMorgan Chase Bank, N.A., and any parent, subsidiary, affiliate, predecessor, successor, assignee, servicer, or debt collector acting on its behalf with respect to the Chase Account.

6. “James Cellular” refers to James Cellular Corporation and any predecessor, successor, affiliate, assumed name, or related entity, and its officers, directors, members, managers, employees, and agents.

7. “Experian” refers to Defendant Experian Information Solutions, Inc.

8. “Plaintiff’s Counsel” means Francis Mailman Soumilas, P.C., its agents, staff, employees, and affiliates.

9. “Plaintiff” refers to Plaintiff Seth James and any agents, representatives, or other persons acting, or who have acted, on Plaintiff’s behalf.

10. “Complaint” refers to the Complaint filed by Plaintiff in the Circuit Court of Pulaski County, Arkansas on or about August 2, 2024, and subsequently removed to the United States District Court for the Eastern District of Arkansas, Central Division as Civil Action No. 4:24-cv-00823-BRW.

11. “FCRA” refers to the federal Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681-1681x.

12. “Plaintiff’s Credit Report” or “Your Credit Report” refers to the report or reports on Plaintiff’s credit history compiled by Experian and provided to third parties.

13. “Plaintiff’s Credit Disclosure” or “Your Credit Disclosure” refers to the report or reports on Plaintiff’s credit history compiled by Experian and provided to Plaintiff.

14. “And” or “or” shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

15. The use of the word "including" shall be construed to mean "without limitation."

16. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

17. "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

18. "Action" means the above-captioned matter.

19. The documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the document request.

20. The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source.

21. If any documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each document or thing:

a. the type of document;

b. a description of the nature and contents of the document;

c. the identity of the author;

d. the circumstances under which it ceased to exist;

e. the identity of all Person(s) having knowledge of the circumstances under which it ceased to exists; and

f. the identity of all Person(s) who had knowledge of the contents.

22. Should You obtain any other documents or information which would supplement or modify the documents or information supplied by You in response to these requests, You are directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such documents and information and to furnish the additional documents or information to Experian without delay.

23. Unless otherwise specified, these requests for production seek documents and information from August 2, 2019, through the present, except that requests concerning the Chase Account, JPMCB, or James Cellular are not limited by this period and seek documents from the inception of the Chase Account through the present.

## DOCUMENTS TO BE PRODUCED

1. All Documents and Communications between You and Plaintiff, including but not limited to any cardholder agreement between You and Plaintiff.

2. All Documents concerning the opening of the Chase Account, including any application submitted by Plaintiff, by James Cellular, or by any Person on Plaintiff's or James Cellular's behalf, and any personal guaranty.

3. All Documents that show that Plaintiff is personally liable for the balance owed on the Chase Account.

4. All Documents reflecting any payment made on the Chase Account, by whomever made.